UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>**v.** )<br>)   Criminal No. 1:22-cr-0048-CJN-3<br>**CLIFFORD CHEN,** )<br>              **Defendant.** ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Pursuant to Title 18 U.S.C. § 3553(a), Clifford Chen, by undersigned counsel, respectfully files this memorandum to assist the Court in its sentencing determination. Based on his acceptance of responsibility and expression of remorse, Mr. Chen respectfully requests the Court adopt the reasoning and recommendations of the U.S. Attorney [Doc. 71] and U.S. Probation [Doc 69], and impose a sentence of probation.

**I.   Background**

On March 27, 2023, the United States Attorney's Office for the District of Columbia filed a one-count Superseding Information charging defendants Lawrence Lum Kee and Clifford Chen with Contributions in the Name of Another and Aiding and Abetting, in violation of 52 USC §§ 30122 and 30109(d)(1)(A)(ii), and 18 USC § 2. On April 24, 2023, Mr. Chen entered a guilty plea to that Superseding Information.

The offense conduct is detailed in the Superseding Information and Pre-Sentence Report. In summary, at the time of the offense conduct, Mr. Chen was the Chief Financial Officer of Company A, a federal contractor servicing contracts for the United States Department of Defense. Candidate A was a candidate for the office of United States Senate in the 2020 election cycle. Campaign Committee A was Candidate A's authorized federal campaign committee.

On September 17, 2019, Mr. Chen made a $5,600 contribution to Campaign Committee A of the maximum allowable amount by an individual in the 2020 campaign

cycle, which included the primary and general elections.

On September 26, 2019, at the request of Mr. Chen, Person A, a relative, contributed $5,600 to Campaign Committee A.  On September 27, 2019, Mr. Chen made a deposit of $5,600 into his personal bank account from funds which were provided to him by another employee of Company A, in order to reimburse Person A for the contribution.  Mr. Chen then subsequently reimbursed Person A for the contribution.

**II.     Legal Standard**

Determining the proper sentence in a federal criminal case is within the discretion of the District Court. The Court's discretion is to be exercised upon consideration of the purposes of sentencing in light of the particular case and defendant before it. The Guidelines cannot be used as a substitute for a sentencing court's independent determination of a just sentence based upon consideration of the statutory sentencing factors set forth in 18 U.S.C. §3553(a). *Nelson v. United States*, 555 U.S. 350 (2009); *Spears v. United States*, 555 U.S. 261 (2009). The Court's decisions in *Nelson* and *Spears* build upon its earlier decisions in *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007), establishing that the Sentencing Guidelines are simply an advisory tool to be considered alongside the other § 3553(a) statutory considerations.

The factors for the district court to consider include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the kinds of sentences available, (3) the Guidelines range, (4) the need to avoid unwarranted sentencing disparities, (5) the need for restitution, and (6) the need for the sentence to reflect: the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to the defendant and others, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.

See 18 U.S.C. § 3553(a). The Court must weigh each of these factors when determining the appropriate sentence with the least amount of imprisonment necessary pursuant to §3553(a). Id.

In this case, the Guidelines range is 0 to 6 months.

### III.  Sentencing Recommendation

A sentence of probation is sufficient but not greater than necessary to achieve the goals of sentencing. The U.S. Attorney, U.S. Probation, and the defense agree that no incarceration is warranted. For the reasons detailed below, the Court should likewise sanction this agreed disposition.

#### A. Nature and Circumstances of the Offense

The nature and circumstances of the offense are straightforward. As stated herein above, in order to circumvent contribution limits, Mr. Chen asked a relative to make a $5,600 contribution to Campaign Committee A, and then reimbursed his relative for the contribution, using proceeds provided to him by another employee of Company A. Mr. Chen is remorseful and willingly accepted responsibility for his conduct, which has caused emotional and financial suffering to his family and a federal criminal conviction, which will have further serious collateral consequences.

#### B. History and Characteristics of Mr. Chen

Mr. Chen was born into a lower middle-class household in Honolulu, Hawaii. He was raised by his single mother and a father who physically abused him, when he was present. Mr. Chen has no relationship with his father, and has not seen him in over thirty years. Mr. Chen's mother suffers from complications of a stroke she suffered a few years ago. He has a brother, with whom he maintains contact.

Mr. Chen is married and resides with his wife and three children in Hawaii.  His

wife is a university clinical professor and one of his children will be attending college in the Fall semester.

Mr. Chen has health concerns which are adequately addressed by medication, as outlined in the presentence report. ¶¶ 74-76.

Despite his humble beginnings and challenging childhood experiences, Mr. Chen graduated from Harvard College in 1995, with a degree in Government and Economics. He received his law degree in 2000 from the University of Michigan, where he graduated cum laude. In 2005, he received a master's degree in Business Administration from the University of Chicago.  Mr. Chen worked in New York for a number of years and subsequently returned to Hawaii, where he currently resides.

According to the presentence report, Mr. Chen had a good rating in Cambridge in connection with his scholastic standing, attendance, behavior, cooperativeness, leadership, reliability, courtesy, and ability to get along with students.

Although Mr. Chen was employed at the time of the presentence interview, he has recently been terminated from his employment due to the reputational risk given recent media coverage of Company A and the related civil suit in Hawaii, in which he is a named defendant.  As such, Mr. Chen respectfully requests that a monetary penalty or fine not be imposed in this case.

### C.  The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Protect the Public From Further Crimes of the Defendant

While the offense in this case is undoubtedly serious, and Mr. Chen acknowledges such, he asks the Court to adopt the argument of the United States with regard to these sentencing factors.  In asking the Court to impose a sentence of probation, the United States observes that "… the amount of the contribution was relatively low and there is no

4

evidence that the contribution had any material effect on Company A's ability to obtain federal contracts …. Chen's loss of employment and significant income serves as adequate deterrence, and generally, to future federal contractors and donors, who are once again served notice that the Government will criminally prosecute those who violate their campaign finance laws." [Doc. 71, p.3].

With respect to promoting respect for the law and protecting the public from further crimes of Mr. Chen, the defense further concurs with the United States' assessment that "the evidence makes clear that the illegal conduct that brings Chen before the Court was an aberration in what was otherwise a consistent history of being a law-abiding citizen and it appears unlikely that he will engage in future illegal conduct." [Doc. 71, p.3].

### D. The Sentence Range Established For the Applicable Category of Offense As Set Forth In the Guidelines Issued by the Sentencing Commission

The advisory Guidelines sentencing range calculated by the parties in the plea agreement [Doc. 54, p.2] and the presentence report [Doc. 68, ¶ 42] provides for a Total Offense Level of 8, with a Criminal History Category I, resulting in a Sentencing Guidelines range of 0-6 months.

**Contributions in the Name of Another
and Aiding and Abetting
52 U.S.C. §§ 30122, 30109, 2**

| Guideline | Description | Offense Level |
|---|---|---|
| 2C1.8(a) | Base Offense Level | 8 |
| 2G2.2(b)(2) | Use of Government Funds | +2 |
|  | Adjusted Offense Level | 10 |
| 3E1.1(a) | Acceptance of Responsibility | -2 |
|  | Total Offense Level | 8 |

### E. **The Sentence Should Avoid Unwarranted Sentencing Disparities**

A probationary sentence poses little risk of any unwarranted sentencing disparity with similar cases. The United States notes convictions for Federal Election Campaign Act violations are generally more sophisticated than the conduct at issue in the instant case, including more serious concealment of the scheme, and involving much higher dollar amounts.

### IV. Conclusion

Based upon his personal history and characteristics, the nature and circumstances of the offense, his lack of criminal history, and his unlikelihood of recidivism, Mr. Chen respectfully requests that the Court accept the recommendation of the U.S. Attorney, U.S. Probation, and Mr. Chen in imposing a sentence of probation, which is "sufficient, but not greater than necessary," to achieve the legitimate purposes of sentencing. 18 U.S.C. § 3553(a). Moreover, given Mr. Chen's financial condition following his recent job loss, and his anticipated educational costs for his son, he requests the Court not impose a fine.

CLIFFORD CHEN
By Counsel

/s/ Pleasant Brodnax
Pleasant S. Brodnax, III
1701 Pennsylvania Ave., NW, Suite 200
Washington, D.C., 20006
(202) 462-1100
pleasant.brodnax@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was filed by CM/ECF on the 11th day of August 2023, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Pleasant S. Brodnax, III
Pleasant S. Brodnax, III